UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                                      No. 95-5177

DENNIS NATHANIEL HUDGENS,
Defendant-Appellant.

Appeal from the United States District Court
for the District of South Carolina, at Greenville.
William B. Traxler, Jr., District Judge.
(CR-94-473)

Submitted: January 23, 1996

Decided: February 14, 1996

Before WIDENER and MICHAEL, Circuit Judges, and PHILLIPS,
Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Timothy L. Brown, Greenville, South Carolina, for Appellant. David
Calhoun Stephens, Assistant United States Attorney, Greenville,
South Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Dennis Nathaniel Hudgens, by counsel, appeals his conviction alleging that the district court should have ordered his federal sentence to run concurrently with a state sentence he was actively serving for common law robbery. We affirm.

Hudgens, a low-level street dealer of crack cocaine, on two occasions sold approximately 2.46 grams of crack cocaine to undercover local and federal drug authorities. Hudgens cooperated early with the local authorities and indicated his desire to also cooperate with the federal officials. Hudgens pled guilty to a one-count indictment, which charged him with conspiracy with the intent to distribute crack cocaine and with the distribution of crack cocaine, in violation of 21 U.S.C. §§ 841(a)(1) & 846 (1988).

During sentencing, because neither Hudgens nor his counsel objected to the information or the recommendations contained in the presentence report, the district court adopted the report as factually accurate. The district court then determined that Hudgens had a total offense level of seventeen and a criminal history category of III, which resulted in a sentencing guideline range of thirty to thirty-seven months imprisonment, with three years supervised release.

Hudgens requested that his sentence be ordered to run concurrently with the state sentence for robbery that he was already serving. The district court sentenced Hudgens to thirty months imprisonment and three years supervised release, and ordered the sentence not to run concurrently with Hudgens's state sentence.

Hudgens's counsel filed a brief in this court pursuant to Anders v. California, 386 U.S. 738 (1967), raising only the issue of whether the district court abused its discretion by not ordering the two sentences to run concurrently.

We find that Hudgens's sentence was properly imposed in accordance with both the appropriate sentencing guidelines and the statu-

2

tory limitations. When imposing a term of imprisonment on a defendant who is already subject to an undischarged term of imprisonment, the sentencing court has the discretion to run the terms concurrently or consecutively. 18 U.S.C.A. § 3584(a) (West 1985). Further, we have no jurisdiction to review the district court's decision to fix a sentence at any point within Hudgens's guideline range. United States v. Jones, 18 F.3d 1145, 1151 (4th Cir. 1994).

In accordance with Anders, this court has thoroughly examined the entire record for any potentially meritorious issues for appeal and has found none. We therefore affirm Hudgens's conviction and sentence. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

3